UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 07-90-HRW

ROBBIE BROCK,                                                            PLAINTIFF,

v.               **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,                  DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his first current application for supplemental security income benefits on May 10, 2001, alleging disability beginning on April 22, 2001 due to pain in his back and shoulder, headaches and nerves, resulting from a fall from a

1

fire tower which fractured his L1 vertebra (Tr. 88).

This claim was denied initially, on reconsideration and by hearing decision dated March 10, 2003 (Tr. 83, 70, 33038). The Appeals Council remanded the case for further consideration of Plaintiff's functional capacity (Tr. 43-44).

On remand, an Administrative Law Judge held a hearing and received additional evidence into the record (Tr. 489). Ultimately, the application was denied (Tr. 19-24).

Plaintiff appealed to the United States District Court for the Eastern District of Kentucky. The District Court remanded the case to the Commissioner for further consideration (Tr. 938-939).

While his action was pending in District Court, Plaintiff filed a second application for SSI on May 19, 2004 (Tr. 589). This application was denied initially and on reconsideration.

On remand, Administrative Law Judge Roger Reynolds (hereinafter "ALJ") consolidated the two applications. On May 1, 2006, the ALJ convened a hearing, wherein Plaintiff, accompanied by counsel, testified (Tr. 534-550). At the hearing, Martha Goss, a vocational expert (hereinafter "VE"), also testified (Tr. 557-562), as did an impartial medical expert, Dr. Doug McKneown (Tr. 550-557).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On June 29, 2006, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 505-514).

Plaintiff has an eighth grade education (Tr. 127). His past relevant work experience consists of work as a truck driver (Tr. 89).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not

engaged in substantial gainful activity since the alleged onset date of disability (Tr. 507).

The ALJ then determined, at Step 2, that Plaintiff suffered from low back pain and leg pain status post burst fracture of L1 with corpectomy and fusion; unspecified cognitive limitations status post closed head injury; anxiety not otherwise specified; pain disorder; and alcohol abuse, allegedly in remission, which he found to be "severe" within the meaning of the Regulations (Tr. 507-510).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 510-511).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 513) but determined that he has the residual functional capacity ("RFC") to perform a range of sedentary and light work with certain postural, environmental and psychological limitations, as set forth in the decision (Tr. 511).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 513-514). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the

ALJ's decision as the final decision of the Commissioner on March 1, 2007 (Tr. 498-500).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence

supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal Plaintiff contends that the ALJ erred bu not affording proper weight to the opinion of Melissa Couch, Ph.D., who performed a Psycho-Social assessment of Plaintiff on April 23 and 24, 2006 at the request of Plaintiff's counsel. She completed a Mental Residual Capacity Questionnaire (Tr. 921-926, 927-937) in which she recommended restrictions which essentially preclude work activity.

The Court is mindful that Dr. Couch is not a treating source and is, thus, not entitled to greater deference. However, it is clear from the decision that the ALJ thoroughly considered her assessment before electing to reject it in favor of other evidence of record(Tr. 509-510).

Having reviewed the record, the Court finds that Dr. Couch's opinion is not supported by the record. For example, in her assessment, Dr. Couch rejected a diagnosis of mental retardation but, rather, opined that Plaintiff's cognitive deficits were related to a head injury (Tr. 936). However, a CT scan taken at the time of the injury was unremarkable and showed no evidence of trauma (Tr. 657). This was confirmed at the hearing by Dr. McKneown (Tr. 552). Further, Dr. Couch suggested that Plaintiff could improve in certain areas with treatment, noting that

he was not receiving appropriate treatment at the time of the assessment (Tr. 937).

In addition, Dr. Couch's assessment is at odds with other credible medical evidence of record. Phil Pack, M.S., a licensed psychologist, evaluated Plaintiff on July 10, 2004 and concluded that Plaintiff's work history was inconsistent with mental retardation (Tr. 865). Mr. Pack determined that testing suggesting Plaintiff exerting less than optimal effort (Tr. 865). Similarly, Christopher Allen, Ph.D., a licenses psychologist who evaluated Plaintiff on September 15, 2003 determined that Plaintiff exaggerated his symptoms to the extent that the psychological profile was rendered invalid (Tr. 61). By contrast, Dr, Couch concluded that Plaintiff was not a malingerer (Tr. 925).

The Court finds that given the lack of support in the record detracted from the evidentiary value of Dr. Couch's report and that the ALJ properly discounted the same. The record contains substantial evidence in support of the ALJ's RFC as it relates to Plaintiff's mental capacity.

Plaintiff also argues that the ALJ improperly determined that he could perform his past relevant work. The Court is perplexed by this contention as the ALJ explicitly found that Plaintiff could *not* perform any past relevant work (Tr. 513).

Finally, Plaintiff makes a generalized argument with regard to the ALJ's

ultimate finding of no disability.  However, Plaintiff offers no cogent argument in support of his assertion.  "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) (citations omitted); *See also, United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's arguments").

### III.  CONCLUSION

Having reviewed the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record.  Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This November 15, 2007.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge